UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FO NEW YORK

XIAO QING LIU,

                Plaintiff,

   - against -

NEW YORK STATE DEPARTMENT OF HEALTH;
NEW YORK POLICE DEPARTMENT 5TH PRECINCT;
BELLEVUE HOSPITAL CENTER;
RYAN NENA COMMUNITY HEALTH CENTER;
USPS;
FEDEX,

                Defendants.

Docket No.: 16-cv-4046(ER)
Judge Ramos (ER)

Amended
Complaint Statement

Do you want a jury trial?
[√] Yes   [ ] No

*RECEIVED SDNY PRO SE OFFICE 2017 MAR 20 PM 4:58 S.D. OF N.Y.*

I. BASIS FOR JURISDICTION
What is the basis for federal-court jurisdiction in your case?
   [√] Federal Question
   [ ] Diversity of Citizenship

A. If you checked Federal Question
Which of your federal constitutional or federal statutory rights have been violated?
<u>42 USC 1983, First, Fourth, Fifth, Sixth, Fourteenth Amendments to the United States Constitution.</u>

B. If you checked Diversity of Citizenship
   1. Citizenship of the parties?
   (Here omitted)

II. PARTIES
A. Plaintiff Information
   Name: <u>XIAO QING LIU</u>   Address: <u>333 Pearl Street, Apt. 2N</u>   <u>New York, NY 10038</u>
B. Defendant Information   <u>See Attached</u>.

III. STATEMENT OF CLAIM
Place(s) of occurrence: <u>See Attached</u>.
Date(s) of occurrence: <u>See Attached</u>.
FACTS:      <u>See Attached</u>.
INJURIES:   <u>See Attached</u>.

IV. RELIEF   <u>See Attached</u>.

V. PLAINTIFF'S CERTIFICATION AND WARNINGS (SEE LAST PAGES).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/17

## II. PARTIES: Defendants for Caption:

New York City, Sergeant Bertran Bouillon, Jane Doe Police Office #1 -2, John Doe Police Office #3-6, John Doe Police Lieutenant, Police Office Matthew Decagna, John Doc EMT #1 and #2D, HHC at HHC Health & Hospitals, Doctor Camilla Lyons, Doctor Abigail Hawkins, John Doe Hospital Staff #1-3, Nurse Harley Charlene, Nurse Tsering Phunstock, Nurse Kim Behrens, Nurse Yin Lam, Nurse Analyn Velasco, Nurse Igama Zenaida, Nurse Chih Hsu, Doctor Sunil Penestti, Doctor Jonathan Howard, Doctor John Udarbe, Doctor Xiaoling Song, Social Worker Trista Chu, LCAT Yu-Ying Chen, Advocacy Director Mr. Williams, Medicaid Office Ms. Sona Daridson, Official Annmarie Britten- Franklin, Ryan NENA Community Health Center, Doctor Becky Lou, Doctor Khin Win, Jane Doc Ryan NENA Nurse, John Doc Ryan NENA Nurse, Ryan NENA Mey Leon Chen, NYSDOH stuff Ms. Banie, Federal Express Corporation, John Doe Federal Express Corporation Supervisor.

## Defendants Information:

1. New York City, New York City Law Department at 100 Church Street, New York, NY 10007

2. Sergeant Bertran Bouillon, NYCPD 5th Precinct, 19 Elizabeth Street, New York, NY, 10013

3. Jane Doe Police Officers #1-2, NYCPD 5th Precinct, 19 Elizabeth Street, New York, NY, 10013

4. John Doe Police Officers #3-6, NYCPD 5th Precinct, 19 Elizabeth Street, New York, NY, 10013

5. John Doe Police Officer Lieutenant, NYCPD 5th Precinct, 19 Elizabeth Street, New York, NY, 10013

6. Police Office Matthew Decagna, NYCPD 5th Precinct, 19 Elizabeth Street, New York, NY, 10013

7. John Doc EMT #1 and 2, New York Presbyterian EMS.

8. HHC at HHC Health & Hospitals, 125 Worth Street, New York, NY 10013

9. Dr. Camilla Lyons Bellevue Hospital Center, 462 First Avenue, New York, NY 10016

10. Dr. Abigail Hawkins, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

11. John Doe Hospital Staff #1-3, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

12. Nurse Harley Charlene, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

13. Nurse Tsering Phunstock, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

14. Nurse Kim Behrens, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

15. Nurse Yin Lam, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

16. Nurse Analyn Velasco, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

17. Nurse Igama Zenaida, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

18. Nurse Chih Hsu, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

19. Doctor Sunil Penestti, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

20. Doctor Jonathan Howard, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

21. Doctor John Udarbe, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

22. Doctor Xiaoling Song, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

23. LMSW Social Worker Trista Chiu, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

24. LCAT Yu-Ying Chen, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

25. Advocacy Director Mr. Williams, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

26. Medicaid Office Ms. Sona Daridson, Bellevue Hospital Dental, 462 First Avenue, NY, 10016

27. Official Annmarie Britten- Franklin, NYS WCDB, Albany, Telephone 1-800-353-3092.

28. Ryan NENA Community Health Center, 279 East 3rd Street, New York, NY 10009

29. Doctor Becky Lou, Ryan NENA Community Health Center, 279 East 3rd Street, New York, NY 10009

30. Doctor Khin Win, Ryan NENA Community Health Center, 279 East 3rd Street, New York, NY 10009

31. Jane Doc Nurse, Ryan NENA Community Health Center, 279 East 3rd Street, New York, NY 10009

32. Jone Doc Nurse, Ryan NENA Community Health Center, 279 East 3rd Street, New York, NY 10009

33. Jane Dos Staff, Ryan NENA Community Health Center, 279 East 3rd Street, New York, NY 10009

34. Mey Leon Chen, Ryan NENA Community Health Center, 279 East 3rd Street, New York, NY 10009

35. Ms. Banie, A staff of NYS Department of Health, New York Empire State Plaza, Albany, NY 12237

36. Ms. Kathleen Ericsen, NYS Department of Health, New York Empire State Plaza, Albany, NY 12237

37. Federal Express Corporation at 250 East Houston, New York, New York 10002

## III. STATEMENT OF CLAIM

### (I) Claims Against Defendants (#1-27)
### New York City, HHC at HHC Health & Hospitals

1. Pro Se Plaintiff Xiao Qing Liu, declares, under the penalty of perjury, as follows:

2. Plaintiff is a 65 years old Chinese Woman, hers first and primary language is Chinese Mandarin. Plaintiff is able to speak and understand limited English, but difficult communicate in English.

3. On **January 18, 2015**, around 10:00 am, Plaintiff went to the New York City Police Department's 5th Precinct to report someone break in to burglary documents and to request police assistance with pinpointing and removing a tracking device that had been placed into her body.

4. At plaintiff precinct, PLAINTIFF was well groomed, clothed, and appeared in good physical health.

5. Before Plaintiff has met with Sergeant Bertran Bouillon on **Dec. 30, 2014**, Jane Doe #1 served as an interpreter. For CCRB transferred to the Police 5th Precinct, asked to investigate the things of verichip-locator which implanted into her body.

6. The day, Plaintiff requested assistance from these police officers.

7. John Doe Lieutenant advised Plaintiff that she should go to downtown hospital.

8. Plaintiff informed John Doe Lieutenant that she would go later date because the day she did not have proper foot attire, an umbrella, and had other chores to accomplish.

9. At no point during the entirety of this interaction did Plaintiff threaten herself or another person. At no point during the entirety of this interaction did plaintiff verbally or physically threaten, intimidate, or frighten another person or herself, nor did she attempt to do any of those actions.

10. At no point during the entirety of this interaction did Plaintiff scream or shout at any of the officers present. At no point during the entirety of this interaction did Plaintiff commit any visible crime.

11. At no point, did Plaintiff consent to going to a hospital or getting in an ambulance.

12. John Doe Lieutenant in secret called an ambulance at or around 10:40 am. Plaintiff did not know the inside story.

13. Once the ambulance appeared, Plaintiff spoke with the emergency medical personnel and informed them that her body has been implanted verichip-locator of the tracking device.

Plaintiff tole the emergency medical personnel that she did not wish to the hospital now.

14. As she spoke to the emergency medical personnel, John Doe Lieutenant, John Doe Police Offices #2 and 3 took out her bag and umbrella, hand cuffed her, along with Police Office Matthew Decagna, and dragged her to ambulance, at John Doe Lieutenant's direction. Plaintiff indicated that she did not with to be handcuffed and that she did not wish to be placed into the ambulance.

15. Once inside the ambulance, plaintiff removed one hand from the handcuffs, and John Doe Police Officer #4 responded by placing her hand back into the handcuffs and tightening them until the handcuffs hurt wrists. John Doe EMT #1 and 2 drove plaintiff to a hospital.

16. In the ambulance Plaintiff spoke to the others in English indicating that she did not wish to go to the hospital and that pinpointing and removing the tracking device from her body was more important. Plaintiff politely asked that she be un-cuffed and let go. Her requests were denied.

17. Plaintiff was laster billed for this ambulance The bill was $1312.27, include untrue basic life support charge $1134. The ambulance name was Quick med claims representing, New York Presbyterian EMS.

18. The NYPD 5th Precinct exhibit the false "Aided Report", it shows, the Aided dated with plaintiff was on Jan. 18, 2015, however, the executed dated was Sept. 14, 2016.

19. Plaintiff received a letter from the City of New York Law Department by Michelle Heurtelou Paralegal, Special Federal Litigation Division. The letter wrote: Because the criminal charges against plaintiff were allegedly dismissed, all records pertaining to plaintiff's arrest have been sealed pursuant to CPL 160.50 and 160.55. in order for this lawsuit to proceed, the records pertaining to the arrest must be unsealed. Enclosed please find a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL 160.50 and 160.55." This shows, not Plaintiff "violence or endangering others", that is Police Intentionally imposed on Plaintiff.

20. The ambulance arrived at Bellevue Hospital at approximately 11:30 am. Once at Bellevue Hospital, Plaintiff was taken to the Psychiatric Unit. In that Unit, Plaintiff was un-cuffed, but informed that she was not free to leave. Once at the hospital, Plaintiff never engaged in any threatening or dangerous behavior directed at herself or others. Plaintiff was well-groomed, appeared physically health, and appropriately clothed, and sane.

21. The hospital staff did not perform an independent assessment of her medical condition. Despite her failure to perform an independent assessment, Dr. Camilla Lyons forcibly hospitalized Plaintiff. This decision was affirmed by Dr. Abigail Hawkins at approximately

5

4:36 pm partial, In a later evaluation of the diagnostic report of the comprehensive psychiatric emergency program (5:33 PM), Dr. Abigail Hawkins did not confirm the signature. Diagnosis relied solely on Dr. Lyon's notes, the statements by John Doe EMT #1 and 2, and statements by John Doe Police Officer #4. Dr. Camilla Lyons wrote on her notes: Pt seen and examined by me. I fully agree with the Clinician's assessment, plan and any procedures. But the doctor did not sign.

22. John Doe Hospital Staff #1-3 told her to turn over her property. The hospital staff took her money including, approximately $300 from her person that was never returned to her.

23. John Doe Hospital Staff #1-3 prevented her from talking to her daughter, asked her daughter to sign first, and then sent back the custody of the money and asked her daughter to leave immediately. The plaintiff was admitted to a psychiatric emergency ward, can not talk with her daughter. Her daughter got return of the custody items can not made sure and counted.

24. John Doe Hospital Staff #1-3 requested that she take risperiDONE. Plaintiff refused to take it. At no point, did Plaintiff consent to taking psychosis medication.

25. Plaintiff requested that she be permitted to leave, but was told she could not leave unless she took the medicine. Plaintiff did not take the medicine and believed that she was not free to leave based on the representations by the doctors.

26. Plaintiff was afraid to try and leave, and was involuntarily committed and imprisoned at the hospital. At no point prior to being involuntarily committed did she threaten herself or another person. At no point did Plaintiff verbally or physically threaten, intimidate, or frighten another person, nor did she attempt to do any of those actions.

27. Plaintiff remained at the hospital from **January 18, 2015** until she was ordered released by a judge on **February 3, 2015**. She was arrested totally 16 days.

28. Once committed in the hospital, plaintiff continued to refuse to take medicine, even though the hospital staff continued to indicate that she would be released if she took it. The staff concealing the variety of medicine inside plaintiff's food **from Jan. 21, 2015 to Feb. 3, 2015**. These steps were taken at the direction of Dr. Camilla Lyons.

29. Nurse Harley Charlene, Nurse Tsering Phunstock, Nurse Kim Behrens, Nurse Yin Lam, Nurse Analyn Velasco, Nurse Igama Zenaida, and Nurse Chih Hsu were the nurses assigned to Plaintiff, and they directly participated in and facilitated each of the acts described above and below.

30. These medications caused problems to Plaintiff's health, including high blood pressure, headaches, dizziness, facial numbness, cough and chest pain, bilateral paralysis and cramp.

31. One or about January 18, 2015, at approximately 7:57pm. Doctor Sunil Penestti affirmed the forced hospitalization and non-consensual medication without conduction an independent assessment of the Plaintiff and without appropriate legal justification.

32. On or about January 18, 2015, at approximately 8: 43 pm. Doctor Jonathan Howard affirmed the forced hospitalization and non-consensual medication without conducting an independent assessment of the Plaintiff and without appropriate justification.

33. On or about January 19, 2015, Doctor John Udarbe affirmed the forced hospitalization despite lacking any appropriate justification for doing so.

34. On or about January 20, 2015 Doctor Xiaoling Song ordered Plaintiff to be medicated over Plaintiff's express refusal and these medications were administered to Plaintiff.

35. At no point while Plaintiff was at the hospital did she threaten herself or another person. At no point during the entirety of this interaction did Plaintiff verbally or physically threaten, intimidate, or frighten another person, nor did she attempt to do any of those actions. At no point did Plaintiff threaten or engage in any amount of self-harm. Plaintiff was always sanity, well-groomed and well-nourished at the hospital. At no point did Plaintiff consent to being in the hospital.

36. Plaintiff made repeated attempts to file complaints against the hospital staff to gain her freedom, but plaintiff received no assistance. In fact, she made repeated requests to have a judicial hearing for release, but she was repeatedly rebuffed by the above defendants who told her that it was too late, a holiday, and snowing.

37. Plaintiff has be forced hospitalization from very start. Plaintiff was subjected to invasive medical testing by the above doctor and nurse defendants and John Doe Hospital Staff #1-3. She did not consent to the physical tests; the defendant forced the test by deception, without the consent of the plaintiff to extract blood. The results show that the defendant is to harm the plaintiff for the purpose of doing a lot of improper testing.

38. In Defendant hospital's own records, Plaintiff is noted as lacking any physically threatening acts, verbally threatening acts, or violent acts to herself or others. Plaintiff does not have a history of any physically threatening acts, verbally threatening acts, or violent acts to herself or others, and none of the hospital defendants ever were told that Plaintiff had a history of those acts. Plaintiff's own daughter communicated to each of the hospital defendants that Plaintiff was not a threat to herself or others.

39. On February 3, 2015, Plaintiff finally appeared before a judge who ordered her released from the hospital. The state court judge found that she was not an imminent risk of danger to herself or other. Upon release, Plaintiff was not given any prescriptions for any mental health conditions when she left the hospital. Plaintiff was not given a single

mental health diagnosis by the hospital on her exit. The hospital did not request that Plaintiff make any follow up appointment.

40. <u>From January 18, 2015, until February 3, 2015</u>, Plaintiff was never an imminent danger to herself or others. Even if she was a danger to herself or others, forced hospitalization was not the least restrictive alternative for dealing with plaintiff's mental health condition. As early as January 20, 2016, Trista Chu a social worker employed by Defendant hospital stated that outpatient treatment would be appropriate method of treating any mental health condition Plaintiff had. For over two weeks, Plaintiff was forcibly hospitalized, subjected to invasive medical testing and scrutiny, and even medicated without her consent, even though there was never any indication that Plaintiff was a danger to herself or others.

41. But There are many people in hospital did the assessment with Plaintiff without authenticity. They are blindness following the forces or puissance, lose the capability of discern which specialty occupation should be have. For exemplum, on Feb. 3, 2015, 20:12pm ( the Patient already discharged on 14:00), LCAT Yu-Ying Chen, who wrote the Note, "for danger to self", "had poor coping skills" etc., lacks nonobjectivity of appraisal faculty.

42. On 1/20/2015, at 5:36, Social Worker Trista Chu wrote a "supplement assessment", added a number of false allegations, including "swung at the EMT ", " violence or endangering others", "have $10000 of cash " etc. Sentence. The Social Worker also offered a "Adult Discharge and After-care Plan" instead In-patient Discharge paper with no any medical staff signatures.

43. Bellevue Patient Advocacy Director Mr. Williams and Medicaid Records Office Ms.Sona Daridson, offered falsehood of Records Papers to plaintiff time after time, aidance skulduggery.

44. The entirety of Plaintiff's forced hospitalization, forced medication, and invasive testing (blood draws), lacked any medical or safety justification. Plaintiff had never been forcibly hospitalized or voluntarily hospitalized for mental health treatment prior to this occurrence.

45. Plaintiff has been implanted the verichip-locator in her body, inquire deeply into the cause of happening above things, the actor is NYS WCDB, by Annmarie Britten- Franklin.

46. As above "pertaining to plaintiff's arrest have been sealed" records (Text 19), Plaintiff request to unsealed, and seek for criminal trial.

## ( II ) Claims Against Defendant (#28-36)
## Ryan NENA Community Health Center

1. On **9/14/2015**, Dr. Khin Win taken Plaintiff as a new outpatient in Ryan NENA. She checked Plaintiff hypertension and health situation, asked plaintiff to do some blood tests and Mammogram. But, all item of inspection writing with note "for: others" in bracket.

2. With mentioned "for: other" above, Plaintiff know that in her chest have be implanted another locator.

3. The mammogram is not addressed in Ryan NENA but in Beth Israel Medical Center/ Phillips Ambulatory Care Center. The Assessment of Diagnostic Imaging is "V76.12, other screening mammogram", Plaintiff found it did not tell the actual situation. Plaintiff canceled it on **9/30/15**.

4. **On the same day**, Jane Doe nurse who test Plaintiff blood, she injected something into Plaintiff's left arm, resulting in Plaintiff left arm feels muscle tenderness, numbness, and weakness for long times.

5. On **9/21/2015**, Dr. Becky Lou asked Plaintiff to took 5 items test, include HIV, ANA Direct, Pallidum, Quantiferon TB Gold, Rheumatoid Arthritis, etc., these blood test Plaintiff were not need to do or not relevant with her condition.

6. **On the day**, Dr. Becky Lou asked Plaintiff to took ECG Recording. John Doe male nurse he did unconfirmed interpretation cardio recording, has no anyone signature. Plaintiff found that the doctor saw the ECG report in computer was differed figure, Plaintiff asking for a copy, but be denied.

7. **On 12/27/15,** Plaintiff ask for Medical Record, Jane Doe staff gave Plaintiff total 17 pages' single paper, but there were no HIV test report. Plaintiff has seen, that two papers have been took out from the printer, one of them was different person's name, but another one the staff did not show to Plaintiff. Plaintiff ask for saw it, Jane Doe staff called an interpreter named Mey Leon Chen. She is misleading conversation, prepared to make an answer astray. While Plaintiff took out the record, ask her name, she turn shame into anger, called a manage Leslie Pargament and a security pushed Plaintiff out of the gates. These actions are

obviously violation of Plaintiff's human rights, and insulted Plaintiff's personality. Ryan NENA has no reason to seal off Plaintiff's HVI report and ask Plaintiff to leave.

8. **On 9/21/15**, the same date and time, Plaintiff did blood test, the serum one was sent to North Carolina Laboratory, other was sent to New Jersey Laboratory. For the different Lab address sent with same serum in same day, in existence of pathological or gene pairing tests.

9. Ryan NENA also through the pharmacy blockade dispensed in other order. **On 10/2/2015**, Plaintiff order one medication but Loisaida Drugs store gave her five. Some of medication was prescript in Bellevue hospital, the prescription is in Plaintiff's hand, they sealed the right caused Plaintiff cannot refills.

10. Above situation is serious hurt Plaintiff's body, health, spirit, personality, dignity, normal life, free contact with other, and the basic human rights.

11. Ryan NENA's tort behavior include illegal test, illegal evidence collection, abuse of power, false documents, seizure reports, discrimination, persecution, personal insults, deprivation of patients' right to know, and infringement of human rights, etc.

12. Plaintiff complained to New York State Department of Health ("NYS DOH"), Division of Certification and Surveillance on **3/8/2016.** A staff named Ms. Banie, she called back **on April 1, 2016.** She offered the irrelevant answer on the phone, used an externally closed call (518-391-4565), prevented someone call in. When Plaintiff required a copy of original version, has be declined and no any answer.

13. NYS DOH's reply letter all with the "New York State of Opportunity" title, the first latter has no signature, others were sign by Kathleen Ericsen. As a State Health Departement, they treat the complaint as a joy or waste paper, from the "opportunity" we can know, they never tried to ravel out anythings, but hide real situation, and shift off duty. That's why Ryan NENA asked to suit on the Federal District Court.

14. Plaintiff have five times to see doctor in Ryan NENA. She suffered much injury which are unscrupulous,

10

purposeful, and target injury. Ryan NENA should burden of proof, who is the party of "for: other" as above-mentioned, report it to the court. See Fed. R.Civ.P.21. The "other" should be show in the Court.

15. Ryan NENA involved intentional tort, purposeful and target injury, discrimination, persecution, personal insults, and perjury, etc., should be suit by criminal and civil case.

### ( III ) Claims Against Defendant (#36- 37)
### Federal Express Corporation

1. <u>On Feb. 2, 2016</u>, Plaintiff sent a complaint paper, use USPS priority 1-day mail, include up to $50 insurance to NYS Department of Health.   The letters turnover from New Jersey to Massachusetts, and to New Jersey, until Plaintiff sent other one through FedEx <u>on Feb. 8, 2016,</u> the first one just arrived on <u>Feb.10, 2016.</u> The post office's situation showed that the letter has been in purpose to delay and destruct.

2. Even Plaintiff sent two times letters to NYS Department of Health, but it still missing, when Plaintiff ask for a original copy, the NYS DOH was denied or said cannot find.

3. Plaintiff have three letters incurred the same things.   Plaintiff believe the USPS have the compelling obligation,   it is why Plaintiff giving rise to the claim.

4. The USPS delayed Plaintiff priority / certified / return receipt letters on <u>2/2/16, 3/30/16 and 5/24/16</u>. Plaintiff had called 1800-275-8777, got four times reference number. They are always apologies, but not correct or solve the issue.

5. The FedEx was not delivered on time with mail. Plaintiff sent mail on <u>3/8/16</u>, she checked on <u>3/9/16.</u> John Doe Supervisor who told Plaintiff that mail was delayed because of strong winds. But the next day, computer shows it was delivered on <u>3/9/16, at 11:22 am in NY.</u>   The letter cannot find in NYS DOH.

6. USPS post record shows, the mail was be hold in ZIP 10199. The situation may related with Government authority as Police or others. That's why FedEx has get the same issue to treat Plaintiff's letters.

7. <u>FedEx did not tell the real factual</u>. Plaintiff sent two documents via FedEx, one was by Priority

11

Overnight mail date **February 8, 2016**, other was Standard Overnight mail date **March 8, 2016**. When Plaintiff checked FedEx Tracking number online, both mail did not show arrived location, which should be delivered to NY Albany.

8. On **March 9, 2016**, after supper, Plaintiff went to FedEx office. Because the package was not delivered in the day. John Doe supervisor checked online, told Plaintiff that the package was delayed. He helped to print some images for excuse, and didn't ask to pay. He said mail will arrived tomorrow, and gave a "strong winds" notice to cover up the factual truth.

9. On the day night, when Plaintiff close computer, it got out a large vibrations and noise. On next day, she open computer, it unexpectedly showed the mail was delivered **in NY on March 9, 2016**, at 11:22 am. It was impossible, for realized that the computer was invaded.

10. Plaintiff has called NYS Department of Health in the day, they said they did not get the mail. Plaintiff check the dictionaries about "strong winds" address, just known it did not happen in New York State but in Tennessee, Memphis hub. FedEx didn't tell the truth.

11. The Airline Deregulation didn't happen or exist in the day on New York. And is not related to the case. This is FedEx in order to the case with deception and lies. We can analyze the weather forecast, to confirm the whether on this day, to Confirm the situation of aircraft transportation in New York.

12. **The action does not belong to breach of contract**, it's violation of human rights, unauthorized operation of wantonly act, the action about "strong winds" is involved hard swearing.

13. Constitutional protection for citizens' freedom of communication. But, Plaintiff suffered a series of delay, seizure, and tamper with private letters, register letters, and return receipts. Plaintiff cannot believe this is her life in the United States. The illegal locator implanted in Plaintiff's body, made she lost the right of

freedom, health, and normal life. There were some series of things happened around for Plaintiff, it shows that was not an accidental event, it is deliberate hit and human rights injure events. Therefore, this is not a problem of breach of contract, this is a wantonly violation of human rights, this is unauthorized operation of violations.

14. If this is "FedEx engaged in the requisite state action" (**See Doc 41. P. 2**). Plaintiff request FedEx should burden of proof, to explain what the State action is, it approved by whom, and the action whether in accordance with the Constitution or legal provision.

15. The claim base on concrete facts, the case cannot be dismiss. Plaintiff have already explained the case with every specific time, place, cause, injuries, most of the departments and personnel involved, it has submitted before Conference on **October 29, 2016.** Doc23. Based on the above facts, Plaintiff disagree for dismiss the case and request to trial by jury.

16. The lawsuit between Plaintiff and Defendants are different with social status, position, power and influence. It is a Poor People against the powerful government, agency, police, hospital, and postal station. Above defendants are not division but relations on the case.

17. FedEx covered fact, delayed service, false document, computer invaded, spirity hurt, health hurt, discrimination, exist cover up of act, unauthorized operation of violations, violation of human rights.

18. Plaintiff declares, all above complaint statement containing facts can be bear out of proof. Plaintiff has submitted Exhibit or documents in **Docs. 43, 48, 54.** Other Exhibit or documents Plaintiff request to discover on the Courtroom.

## IV. RELIEF

Wherefore, plaintiff prays that the Court grants such relief as may be appropriate including injunctive orders and damages, and cost as follows:

a. A judgment direction Defendants to make Plaintiff whole for the loss of her property in the amount of  $550,000  dollars.

b. A judgment direction Defendants to make Plaintiff whole with compensatory damages for mental anguish, less of dignity, humiliation, harm to reputation, and pain and suffering, emotional trauma, and denial of civil rights in the amount of  $5,450,000  dollars.

c. A judgment awarding Plaintiff punitive damages  $3,000,000  dollars.

d. An award of prejudgment interest, costs, and attorneys' fees  $3,500,000  dollars.

Such other relief that the court may deem just and proper.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| _March 20, 2017_ | _Xiao Qing Liu_ |
|---|---|
| Dated | Plaintiff's Signature |

| _Xiao Qing_ | | _Liu_ |
|---|---|---|
| First Name | Middle Initial | Last Name |

_333 Pearl Street #2N_
Street Address

| _New York_ | _NY_ | _10038_ |
|---|---|---|
| County, City | State | Zip Code |

_____    _____
Telephone Number                                    Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7