UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

XIAO QING LIU,

                         Plaintiff,

           -against-

JOHN DOE POLICE OFFICER LIEUTENANT,
MATTHEW DECAGNA, DR. CAMILLA LYONS, DR.
ABIGAIL HAWKINS, DR. SUNIL PENESTI, DR.
JONATHAN HOWARD, DR. JOHN UDARBE, DR.
XIAOLING SONG,

                         Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT DECAGNA**

16-CV-4046 (ER)

Jury Trial Demanded

------------------------------------------------------------------------ x

         Defendant Police Officer Matthew Decagna (hereinafter "defendant"), by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

         1.      Denies the allegations in section "I – BASIS FOR JURISDICTION" of the amended complaint and all its subparts, except admits that plaintiff purports to proceed and invoke the Court's jurisdiction as stated therein.

         2.      Denies the allegations in section "II – PARTIES" of the amended complaint and all its subparts and attachments, except admits that Matthew Decagna was employed by the New York City Police Department on January 18, 2015, and admits that the City of New York is a municipal corporation organized under the laws of the State of New York, and admits that plaintiff purports to sue the parties listed therein.

**(I) Claims Against Defendants (#1-27)**
**New York City, HHC at HHC Health & Hospitals[1]**

3. States that the allegations in paragraph "1" of the amended complaint are not allegations of fact that require a response.

4. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "2" of the amended complaint.

5. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "3" of the amended complaint, except admits that on or about January 18, 2015, plaintiff entered NYPD's 5th Precinct "to request police assistance with pinpointing and removing a tracking device that had been placed into her body."

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the amended complaint.

7. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "5" of the amended complaint.

8. Admits the allegations in paragraph "6" of the amended complaint.

9. Admits the allegations in paragraph "7" of the amended complaint.

10. Denies the allegations in paragraph "8" of the amended complaint.

11. Denies the allegations in paragraph "9" of the amended complaint.

12. Denies the allegations in paragraph "10" of the amended complaint.

---

[1] Defendant notes that pursuant to the Court's August 7, 2017 Order, the City of New York has been dismissed from this case, and the only remaining NYPD defendants are Police Officer Matthew Decagna and Lieutenant John Doe, subsequently identified as Lieutenant William Arndt. See Docket Nos. 99, 103. To date, upon information and belief, Lieutenant Ardnt has not been served with the summons and amended complaint, and therefore is not currently a party to this matter.

13. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "11" of the amended complaint.

14. Denies the allegations in paragraph "12" of the amended complaint, except admits that on January 18, 2015, an ambulance was called to the 5th Precinct.

15. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "13" of the amended complaint.

16. Denies the allegations in paragraph "14" of the amended complaint, except admits that on or about January 18, 2015 plaintiff was transported in an ambulance to Bellevue Hospital.

17. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "15" of the amended complaint, except admits that on or about January 18, 2015 plaintiff was transported in an ambulance to Bellevue Hospital.

18. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "16" of the amended complaint, except admits that on or about January 18, 2015 plaintiff was transported in an ambulance to Bellevue Hospital.

19. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "17" of the amended complaint.

20. Denies the allegations in paragraph "18" of the amended complaint, except admits that an Aided Report was drafted by Police Officer Decagna on or about January 18, 2015.

21. Denies the allegations in paragraph "19" of the amended complaint, except admits that, in the course of this litigation, the Office of Corporation Counsel requested that plaintiff complete a release for certain records.

22. Denies the allegations in paragraph "20" of the amended complaint, except admits that on or about January 18, 2015 plaintiff was transported in an ambulance to Bellevue Hospital.

23. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "21" of the amended complaint.

24. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "22" of the amended complaint.

25. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "23" of the amended complaint.

26. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "24" of the amended complaint.

27. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "25" of the amended complaint.

28. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "26" of the amended complaint.

29. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "27" of the amended complaint.

30. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "28" of the amended complaint.

31. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "29" of the amended complaint.

32. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "30" of the amended complaint.

33. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "31" of the amended complaint.

34. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "32" of the amended complaint.

35. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "33" of the amended complaint.

36. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "34" of the amended complaint.

37. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "35" of the amended complaint.

38. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "36" of the amended complaint.

39. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "37" of the amended complaint.

40. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "38" of the amended complaint.

41. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "39" of the amended complaint.

42. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "40" of the amended complaint.

43. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "41" of the amended complaint.

44. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "42" of the amended complaint.

45. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "43" of the amended complaint.

46. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "44" of the amended complaint.

47. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "45" of the amended complaint.

48. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "46" of the amended complaint.

## (II) Claims Against Defendants (#28-36)
## Ryan NENA Community Health Center[2]

49. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "1" of the amended complaint.

50. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "2" of the amended complaint.

51. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "3" of the amended complaint.

52. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "4" of the amended complaint.

53. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "5" of the amended complaint.

54. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "6" of the amended complaint.

---

[2] Defendant notes that all claims against these purported defendants were dismissed by the Court on August 7, 2017.  See Docket No. 99.

55. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "7" of the amended complaint.

56. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "8" of the amended complaint.

57. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "9" of the amended complaint.

58. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "10" of the amended complaint.

59. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "11" of the amended complaint.

60. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "12" of the amended complaint.

61. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "13" of the amended complaint.

62. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "14" of the amended complaint.

63. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "15" of the amended complaint.

### (III) Claims Against Defendants (#36-37)
### Federal Express Corporation[3]

64. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "1" of the amended complaint.

---

[3] Defendant notes that all claims against these purported defendants were dismissed by the Court on August 7, 2017.  See Docket No. 99.

65. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "2" of the amended complaint.

66. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "3" of the amended complaint.

67. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "4" of the amended complaint.

68. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "5" of the amended complaint.

69. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "6" of the amended complaint.

70. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "7" of the amended complaint.

71. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "8" of the amended complaint.

72. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "9" of the amended complaint.

73. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "10" of the amended complaint.

74. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "11" of the amended complaint.

75. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "12" of the amended complaint.

76. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "13" of the amended complaint.

77. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "14" of the amended complaint.

78. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "15" of the amended complaint.

79. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "16" of the amended complaint.

80. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "17" of the amended complaint.

81. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "18" of the amended complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

82. The amended complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

83. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

84. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

85. There was probable cause for plaintiff's arrest and/or detention.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

86. Plaintiff provoked any incident.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

87. Defendant Decagna has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

88. At all times relevant to the acts alleged in the amended complaint, defendant Decagna acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

89. Plaintiff has failed to mitigate her alleged damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

90. This action may be barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendant Police Officer Matthew Decagna requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 20, 2017

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendant Decagna*
100 Church Street, Room 3-308A
New York, New York 10007
(212) 356-5056

By: /s/
_____
Erin Ryan
Assistant Corporation Counsel
Special Federal Litigation Division

To: Xiao Qing Liu (By First Class Mail)
*Plaintiff Pro Se*
333 Pearl Street, Apartment 2N
New York, New York 10038